Timothy M. Keegan, SBN 251085
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
15 W. South Temple, Suite 950
Salt Lake City, Utah 84101
Telephone: (801) 658-6100
Facsimile: (801) 385-1707
tim.keegan@ogletree.com

*Attorneys for Defendants TPUSA, Inc., erroneously sued as Teleperformance USA, and Teleperformance SE, erroneously sued as Teleperformance*

Timothy B. McCaffrey, Jr., SBN 192114
CHESLER McCAFFREY LLP
11661 San Vicente Blvd., Suite 304
Los Angeles, California 90049
Telephone: (310) 882-6407
Facsimile: (310) 882-6359
tbm@cmlegal.com

*Attorneys for Plaintiff Maria Kyung Ah Flock*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KYUNG AH FLOCK, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>TELEPERFORMANCE, a Paris, France corporation; TELEPERFORMANCE USA, a Utah corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09343-GW-PVC<br>District Judge George H. Wu<br>Magistrate Judge Pedro V. Castillo<br><br>**JOINT STIPULATION AND REQUEST TO MODIFY PRETRIAL SCHEDULE** |

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the parties, Plaintiff Maria Kyung AH Flock ("Plaintiff"), and Defendants TPUSA, Inc., erroneously sued as Teleperformance USA, and Teleperformance SE, erroneously sued as

1

Teleperformance ("Defendants") (collectively, the "Parties"), through their respective attorneys of record, hereby request that the Court modify the pretrial schedule and scheduling order (Docket No. 27) in accordance with the stipulated schedule set forth herein.

## RECITALS & GROUNDS FOR RELIEF

WHEREAS, the current deadline to complete fact discovery is October 14, 2024, and the current deadline to complete expert discovery is November 11, 2024.

WHEREAS, over the course of several months, the Parties informally discussed possible resolution of the case, particularly in light of a legal issue pertaining to the statute of limitations on Plaintiff's claims.

WHEREAS, Defendant takes the position that most, if not all, of Plaintiff's claims for unpaid wages, are completely barred by the applicable statute of limitations.

WHEREAS, Plaintiff takes the position that the statute of limitations should be extended based on the continuing violations doctrine, equitable tolling, and/or related theories.

WHEREAS, counsel for both Parties met and conferred in good faith over the course of July, August, September and early October, in an attempt to resolve the threshold issue of the application of Defendant's statute of limitations defense to Plaintiff's claims.

WHEREAS, after meeting and conferring the Parties came to an impasse and were unable to agree on whether certain of Plaintiff's claims are barred by the applicable statute of limitations.

WHEREAS, to assist the Parties in attempting to resolve the case, the Parties have engaged the services of a private mediator, Kevin Barnes, who is one of the most experienced wage and hour attorneys in California in the past twenty years.

WHEREAS, mediator Kevin Barnes' earliest date of availability to hold a mediation is **October 29, 2024**. The Parties have confirmed and will attend the mediation on that date.

WHEREAS, the Parties have continued to exchange written discovery and documents. Specifically, the Parties have exchanged their initial disclosures under Rule 26, and have diligently engaged in discovery, including written discovery by each party, including Defendants have propounded Interrogatories to Plaintiff (Set One and Set Two) and Requests for Production of Documents to Plaintiff (Set One and Set Two); and Plaintiff has propounded Interrogatories to Defendant (Set One) and Document Requests (Set One). The Parties anticipate needing to depose several third-party witnesses and scheduling those depositions during the summer may prove difficult give counsels' respective schedules. However, as a result of the Parties' good faith attempts to resolve the threshold issue in the case, the Parties have not completed all pre-trial discovery.

WHEREAS, the Parties believe that a 90-day continuance to all pre-trial and trial related deadlines, including motion deadlines, will enable the Parties to complete discovery, and engage in meaningful settlement discussions/mediation before involving the Court with Defendants' anticipated Rule 56 motion for summary judgment.

WHEREAS, in accordance with Federal Rule of Civil Procedure 16(b)(4) and the scheduling order (Docket No. 27), good cause would be served by extending the discovery and pre-trial and trial-related deadlines by 90-days.

WHEREAS, the parties agree that if the pretrial deadlines are extended in accordance with this stipulation and a new pretrial deadline is a Saturday, Sunday, or legal holiday, the deadline will be the preceding day that is not a Saturday, Sunday, or legal holiday; and

THE PARTIES HEREBY STIPULATE, AGREE, AND RESPECTFULLY REQUEST:

That the Court modify the pretrial schedule as follows:

| | |
|---|---|
| Fact Discovery Cut-off: | January 14, 2025 |
| Expert Discovery Cut-Off: | February 11, 2025 |

| | |
|---|---|
| Mediation to be completed by: | October 29, 2024 |
| Last Day for the Court to hear motions: | April 7, 2025 |
| Final Pretrial Conference: | May 15, 2025 at 8:30 a.m. |
| Jury Trial will begin on: | May 26, 2025, 9:00 |

The Court's Rule 16 scheduling order will otherwise remain in effect.

DATED: October 11, 2024

RESPECTFULLY SUBMITTED,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Timothy M. Keegan*
Timothy M. Keegan

Attorneys for Defendants

DATED: October 11, 2024

RESPECTFULLY SUBMITTED,

CHESLER McCAFFREY LLP

By: */s/ Timothy B. McCaffrey, Jr.*
Timothy B. McCaffrey, Jr.

Attorneys for Plaintiff

4